

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Claud Wolf
County Auditor
Howard County
Big Spring, Texas

Dear Sir:

Opinion No. O-3440
Re: Surplus Food Stamp Plan
commissioners' court may pay
bond premium of issuing of-
ficer.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"The County of Howard and the City of Big Spring have gone together in procuring the Surplus Food Stamp program and have hired a supervisor to handle the program who must be bonded.

"Please give me your opinion as to whether or not the County would be within the law if they pay their portion of the premium on said supervisor's bond."

Opinion No. O-2013 of this department, rendered March 12th, 1940, held that McLennan County, Texas, was not authorized to participate in the United States Government Food Stamp Plan. Since the rendition of said opinion the 47th Legislature of Texas has passed House Bill No. 201, which reads in part as follows:

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1. That Article 2351 of the Revised Civil Statutes of Texas of 1925 be amended so as to add a new section thereto to be known as Article 2351-17, which shall read as follows to wit:

"17. a. The Commissioners Court of each County of this State, in addition to the powers already conferred on it by law, is hereby empowered to create a revolving fund or funds and to make appropriations thereto out of the general revenue of such county, and such revolving fund shall be used by such county only in cooperation with the United States Department of Agriculture to aid and assist in carrying out the purposes and provisions of an Act of Congress of the United States pertaining to the distribution of commodities to persons in need of assistance, under the direction of the United States Department of Agriculture; provided, however, that the county shall have on hand at all times either the moneys appropriated to such revolving fund or funds or the equivalent thereof in stamps issued by the United States Department of Agriculture under the Food and/or Cotton Stamp Plan, which stamps are convertible into cash at any time.

"b. In such counties of this State exercising the powers herein granted, an issuing officer shall be appointed to carry out the provisions of this Act and to administer the funds herein appropriated. Such issuing officer shall be a citizen of the State of Texas and appointed by the County Judge of such County subject to the approval of the Commissioners Court thereof. He shall be required to furnish a good and sufficient surety bond in such amount and upon such terms and conditions as may be required by the Commissioners Court and the United States Department of Agriculture. Such issuing officer shall receive a salary, to be paid out of the general fund or any other fund of the county, except constitutional funds, not otherwise appropriated, not to exceed Two Hundred Dollars ($200) per month, and may appoint such cashiers and other assistants as may be authorized by such Court. The premiums of all bonds which may be required of such issuing officer, cashiers or other assistants, shall be paid by the Commissioners. Court out of any available funds therefor belonging to such county.

"'c. Provided however, the powers herein granted to such counties may be exercised by two (2) or more counties in conjunction with each other and in cooperation with the United States Department of Agriculture. And when such powers are executed by two (2) or more counties jointly, the County Judges of such counties shall appoint the issuing officer, fix such appointee's bond and do all other things necessary to cooperate with the United States Department of Agriculture in the same and like manner as is herein granted to any one county of this State.

"'d. Provided that such Commissioners Courts of such counties may cooperate with any incorporated city or town within such county or counties on such conditions and requirements as may be promulgated by such Commissioners Court or courts.

"'e. Whenever any county herein authorized to create such a revolving fund ceases to participate therein the issuing officer appointed under the provisions hereof shall forthwith reduce all stamps to their equivalent in money and return such moneys then on hand to the fund from which same was originally appropriated and render a full account of his administration thereof the the Commissioners Court of Courts as the case may be.'

"Sec. 2. If any section, subsection, or clause of this Act is, for any reason, held to be unconstitutional, such decision shall not affect the validity of any of the remaining portions of this Act, and it is hereby declared that this Act would nevertheless have been passed without such section, subsection, or clause so declared unconstitutional.

"Sec. 3. The fact that an Act of Congress of the United States has appropriated money for the Department of Agriculture of the United States providing for the disposition of surplus commodities by the surplus marketing administration in the Department of Agriculture of the United States, and said administration is now distributing surplus commodities through the Food and/or Cotton Stamp Plan

or System, which is very beneficial to persons
in need of assistance and the fact that said Act
requires the cooperation of counties or munici-
palities desiring to participate in the benefits
of said Act, and the further fact that there is
now some doubt as to the legal authority of the
Commissioners Court to appropriate funds for the
purpose of aiding and carrying out the provisions
of said Act and in view of the further fact that
persons in various counties of Texas are in dire
need of assistance that might be extended to
them under the provisions of said Act, create
an emergency and an imperative public necessity,
that the Constitutional Rule requiring bills to
be read on three several days, be and the same
is hereby suspended and that this Act shall take
effect and be in force from and after its passage
and approval by the Governor of this State, and
it is so enacted."           (Underscoring ours)

The above act was signed by the Governor on April
15th, 1941, and filed with the Secretary of State on April 16th,
1941, and became immediately effective.

You are respectively advised that it is the opinion
of this department that your question should be answered in
the affirmative and it is so answered.

Very truly yours

WJF:db                          ATTORNEY GENERAL OF TEXAS

Approved Apr 28, 1941           By  /s/  Wm. J. Fanning
                                            Assistant
/s/ Grover Sellers
First Assistant
Attorney General                Approved:  Opinion Committee

                                By     BWB      Chairman